UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MALKA RICHTER, | : Civil Action No.: |
| Plaintiff, | : |
| v. | : **CLASS ACTION COMPLAINT** |
| ADVANCED CALL CENTER TECHNOLOGIES, LLC and SYNCHRONY BANK (formerly GE CAPITAL RETAIL BANK), | : |
| Defendant(s). | : |

---

Plaintiff MALKA RICHTER ("Plaintiff"), by and through her attorneys, Edward B. Geller, Esq., P.C., as and for its Complaint against the Defendants ADVANCED CALL CENTER TECHNOLOGIS, LLC and SYNCHRONY BANK (formerly GE CAPITAL RETAIL BANK) (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

### PARTIES

2. Plaintiff MALKA RICHTER is a resident of the State of New Jersey,

residing at 1501 Twin Oaks Drive, Lakewood, New Jersey 08701.

3. Defendant, ADVANCED CALL CENTER TECHNOLOGIES, L.L.C. (hereinafter "ADVANCED") is a limited liability company with an office at 1235 Westlakes Drive, Suite 160, Berwyn, PA 19312-2417.

4. Defendant SYNCHRONY BANK (formerly GE CAPITAL RETAIL BANK) (hereinafter "SYNCHRONY") is a banking institution with a business address at 170 West Election Road, Suite 125, Draper, Utah 84020.

5. The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

6. The Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers in the State of New Jersey, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendants which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").

Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

12. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no

interests antagonistic to the interests of the Class.

15. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

16. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

20. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants' conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

21. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Upon information and belief, Defendants began collecting an alleged consumer debt from the Plaintiff.

24. Upon information and belief, and better known to the Defendants, Defendant SYNCHRONY began their collection efforts and campaign of communications with the Plaintiff by mailing the Plaintiff letters with return address to Defendant's former name and address of GE CAPITAL RETAIL BANK.

25. Defendant SYNCHRONY's letter dated January 22, 2014 (hereinafter "January Letter) is attached hereto as Exhibit "A".

26. Defendant SYNCHRONY's January letter featured an oversize heading in bold uppercase letters centered on the page.

27. The heading of stated:

"CALL ADVANCED CALL CENTER TECHNOLOGIES, LLC IMMEDIATELY

1-866-295-3723

This is an urgent notice regarding your delinquent account. Call the number above as soon as possible to discuss your payment options. Failure to respond promptly could result in further steps being taken to collect the debt."

27. The body of Defendant's January Letter stated: "Calling now may be in your best interest and may help prevent additional damage to your credit report."

28. Defendant's January Letter was signed, "Sincerely, GE CAPITAL RETAIN BANK."

29. Defendant's January Letter featured a postscript as follows: "P.S. Further delay may only make matters worse. Call 1-866-295-3723 to work out a payment plan. Don't wait. Call now."

30. At the very bottom of Defendant's January Letter was a legend formatted as a footnote [positioned flush beneath a one-inch line per footnote placement] in miniscule 6 or 7pt. font which provided a Mini-Miranda disclosure which did not identify either Defendant as a debt collector but only stated that the letter was an attempt to collect a debt and information obtained would be used for that purpose.

31. No 30-day verification disclosures were included in Defendant SYNCHRONY's initial January Letter to Plaintiff.

32. Defendant SYNCHRONY's letter of February 14, 2014, (hereinafter "February Letter") featured a large type centered, bolded heading of: "IMPORTANT NOTICE."

33. Defendant's February letter is attached hereto as Exhibit "B."

34. Defendant's February Letter stated:

"If we do not receive payment of $28.00 by your due date your account will charge off. We will consider all options permitted by applicable law to pursue collection of this debt. This will result in one of the following actions:

- We may file a lawsuit against you.
- If we retain an attorney, you may be liable for additional fees if permitted

under your state law.

- Your account may be sold to a third party for collection, or

- A collection agency will continue efforts to secure the debt owed.

Contact ADVANCED CALL CENTER TECHNOLOGIES, LLC, the collection agency handling your account, at 1-866-295-3723 immediately upon receipt of this letter to resolve the issue. You may qualify for a special payment plan, however, you must respond by your next payment due date."

35. Defendant's February Letter also included a legend formatted as a footnote [positioned flush beneath a one-inch line per footnote placement] with a Mini-Miranda disclosure in miniscule 6 or 7 pt. font at the very bottom of the page which did not identify either Defendant as a debt collector but only stated that the letter was an attempt to collect a debt and information obtained would be used for that purpose.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

38. Defendant violated 15 USC §1692 e – preface by sending consumers deceptive and misleading letters claiming to be from GE CAPITAL RETAIL BANK, yet attempting to collect a debt by Defendant ADVANCED. The Defendants' letters dated January 22 and February 14, 2014, if sent directly from Defendant SYNCHRONY, (formerly

GE CAPITAL RETAIL BANK) with permission from ADVANCED to use their name and contact information as SYNCHRONY's debt collector, thereby becomes ADVANCED's agent and is therefore acting as a debt collector under 15 USC §1692a(6) and becomes subject to the requirements of the FDCPA.  In the alternative, if SYNCHRONY has not been authorized by ADVANCED to use their contact information, then SYNCHRONY has violated 15 USC §1692e –preface and e(10) by using a deceptive, false and misleading means in connection with the collection of a debt.

Further, the January Letter's statements: "Calling now may be in your best interest and may help prevent additional damage to your credit report" and "Further delay may only make matters worse," are false and/or deceptive. Defendant SYNCHRONY has no way of knowing if Plaintiff's "best interests" may or may not be served by contacting Defendant ADVANCED, nor do they know whether "delay may only make matters worse." Or if "additional damage" will occur to Plaintiff's credit profile.

39.     15 USC §1692e(11) requires that a debt collector provide the information that they are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose in every communication made with a consumer.

40.     The Defendants violated 15 USC §1692e (11) by failing to state that they were debt collectors in letters sent to consumers exemplified by letters sent to Plaintiff dated January 22 and February 14, 2014. Defendant ADVANCED, by allowing Defendant SYNCHRONY to use its name and contact information directing the consumer to contact ADVANCED, thus giving approval to SYNCHRONY's collection letters and to act as it's agent, has failed to ensure that the letters contained the proper disclosures as required under the FDCPA. Further, the design of Defendants' Letters was deliberately and

purposely treated as a footnote in miniscule typeface and barely legible, entirely overshadowed by Defendants' letters.

41.     15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

42.     Defendants colluded together, in violation of 15 USC §1692 f – preface, to unfairly and unconscionably use deception to provoke consumers into making contact with Defendant ADVANCED for debt collection purposes. By directing consumers to contact Defendant ADVANCED for debt collection, including false urgency that contact must be made immediately, that delay would "make matters worse," could resolute in "a lawsuit against you," and the threat that payment would "prevent additional damage to your credit report," Defendant SYNCHRONY enables itself to act as a debt collector while circumventing the requirements of the FDCPA, thus unfairly and unconscionably failing to apprise consumers of their rights while intimidating them into being subjected to debt collection. If the letter originates from Defendant ADVANCED, the same violations apply.

43.     Pursuant to 15 USC §1692 g (a) (3), (4) and (5), in an initial communication with a consumer, or within five days after making initial contact, a debt collector is required to send written notice informing the consumer that: (3) the subject debt will be considered valid unless they are contacted by the consumer within 30 days stating otherwise; (4) if the consumer writes to the debt collector within 30 days to dispute the alleged debt, the debt collector will obtain verification or copy of judgment against the consumer and mail same to the consumer; and, (5) at the consumer's written request within the 30-day period, the debt collector will provide the name and address of the

original creditor.

44.  As agent for Defendant ADVANCED, SYNCHRONY has failed to provide the required disclosures under the statute, denying consumers information to which they are entitled. If Defendants' letter originated from Defendant ADVANCED, a debt collector, ADVANCED, by pretending to write from Defendant SYNCHRONY, is thus avoiding the proper and required disclosures in or following initial communication, in violation of 15 USC §1692 g (a) (3), (4) and (5).

45.  Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, 15 USC §1692e(11) and 15 USC §1692 g (a) (3), (4) and (5).

46.  As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
*(Violations of the Dodd-Frank Act)*

47.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.  According to the Consumer Financial Protection Bureau Bulletin 2013-07, "Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd- Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively,

UDAAPs) in violation of the Act." The CFPB Bulletin 2013-07, Section "C" defines unfair and abusive practices to include the misrepresentation about whether information about a payment or non-payment would be furnished to a credit reporting agency.

49. Defendants violate the Dodd-Frank Act Section "C" by communicating in writing to consumers unfairly and deceptively that: "Calling now may be in your best interest and may help prevent additional damage to your credit report," and "Further delay may only make matters worse," threats misrepresenting that consumer recipients' credit will be damaged if they do not immediately send payment to Defendant.

50. As a result of Defendant's violations of the FDCPA and the Dodd-Frank Act, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

51. Plaintiff and the Class hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class demand judgment from the Defendants:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC

§1692k(a)(3);

    E. A declaration that the Defendants' practices violated the FDCPA;

    G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  January 7, 2015

              Respectfully submitted,

              *[signature]*
              _____
              EDWARD B. GELLER, ESQ.
              Edward B. Geller, Esq., P.C.

              Attorney for the Plaintiff MALKA RICHTER

To:  Advanced Call Center Technologies, LLC
    1235 Westlakes Drive, Suite 160
    Berwyn, PA 19312-2417

    Synchrony Bank
    170 West Election Road – Suite 125
    Draper, Utah 84020

    *(Via Prescribed Service)*

    Clerk of the Court,
    United States District Court, District of New Jersey
    Clarkson S. Fisher Building & U.S. Courthouse
    402 East State Street Room 2020
    Trenton, New Jersey 08608
    *(Via Electronic Court Filing)*

EXHIBIT "A"

GE CAPITAL RETAIL BANK
P.O. BOX 965004
ORLANDO, FL 32896-5004

January 22, 2014

MALKA RICHTER
1501 TWIN OAKS DR
LAKEWOOD NJ 08701-7143

22530

F108

Account Number Ending In: 7830

## CALL ADVANCED CALL CENTER TECHNOLOGIES, LLC IMMEDIATELY

## 1-866-295-3723

This is an urgent notice regarding your delinquent account. Call the number above as soon as possible to discuss your payment options. Failure to respond promptly could result in further steps being taken to collect the debt.

Dear Malka Richter,

Your GapCard account is now critically past due. Multiple attempts have been made to reach you. Please call to discuss payment options before we are forced to take further steps.

You may qualify for a special payment plan, for details **please respond by February 8, 2014.** For more information on payment options, call the number above today.

**If you do not respond, we will consider all options permitted by applicable law to pursue collection of this debt.**

Calling now may be in your best interest and may help prevent additional damage to your credit report.

To resolve this issue, contact ADVANCED CALL CENTER TECHNOLOGIES, LLC, the collection agency handling your account, at 1-866-295-3723 immediately upon receipt of this letter.

If you have disputed this debt, please disregard this letter.

Sincerely,

GE CAPITAL RETAIL BANK

P.S. Further delay may only make matters worse. Call 1-866-295-3723 to work out a payment plan. Don't wait Call now.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by GE CAPITAL RETAIL BANK - Member FDIC

6544 9143 1470 9536 CB331 4022 FN00022530

EXHIBIT B

GE CAPITAL RETAIL BANK
P.O. BOX 965004
ORLANDO, FL 32896-5004

February 14, 2014

MALKA RICHTER                                    15638
1501 TWIN OAKS DR
LAKEWOOD NJ 08701-7143                           F101

RE:   GapCard
      Account Number Ending In: 7830
      Amount Due as of February 14, 2014: $347.00

# IMPORTANT NOTICE

### This is a notice regarding your delinquent account.

If we do not receive a payment of $28.00 by your due date your account will charge off. We will consider all options permitted by applicable law to pursue collection of this debt.

This will result in one of the following actions:

- We may file a lawsuit against you.
- If we retain an attorney, you may be liable for additional fees if permitted under your state law.
- Your account may be sold to a third party for collection, or
- A collection agency will continue efforts to secure the debt owed.

Contact ADVANCED CALL CENTER TECHNOLOGIES, LLC, the collection agency handling your account, at 1-866-295-3723 immediately upon receipt of this letter to resolve the issue. You may qualify for a special payment plan, however, you must respond by your next payment due date.

Sincerely,

GE CAPITAL RETAIL BANK
Collection Department

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by GE CAPITAL RETAIL BANK - Member FDIC

6544 9143 1470 9536 CB192 4045 FN00015638